IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:04-cr-185-H |
| | ) | WO |
| BOBBIE JO LEE | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

Previously, this court ordered that defendant BOBBIE JO LEE undergo a psychiatric or psychological examination and that a psychiatric or psychological report be filed with the court, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) & (c).  Such a report having been filed and made a part of the record before the court, the court held on May 9, 2005 a competency hearing pursuant to 18 U.S.C.A. §§ 4241(c) and 4247(d).  At this hearing, the defendant did not object to the conclusion in the report that she is competent to stand trial.[1]

Accordingly,  the court finds that BOBBIE JO LEE is able to assist properly in her defense.  18 U.S.C.A. § 4241(d).

Accordingly, the Magistrate Judge RECOMMENDS that the court find defendant BOBBIE JO LEE mentally competent for all further proceedings in this case.  It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before May 23, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[1] Lee, however, does not agree with the diagnostic findings and other conclusions contained in the report about the nature of her mental health.  This disagreement is not material to the determination about whether she is competent to stand trial.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982).  <u>See</u> <u>Stein v. Reynolds Securities, Inc.</u>, 667 F.2d 33 (11th Cir. 1982).  <u>See</u> also <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981, <u>en</u> <u>banc</u>), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of May, 2005.

        /s/Charles S. Coody  
        CHARLES S. COODY  
        CHIEF UNITED STATES MAGISTRATE JUDGE